UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAVID CALHOUN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-1663(RBW) |
| DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on a motion to dismiss filed by the defendant, the Department of Justice ("DOJ"), and opposed by the *pro se* plaintiff, David Calhoun. The DOJ's motion will be granted and the case will be dismissed.

**I. BACKGROUND**

Calhoun is a prisoner under criminal sentence in the custody of the Federal Bureau of Prisons ("BOP"). The BOP has a policy that does not permit an inmate to keep a copy of his presentence investigation report ("PSR") with him in prison, although he may review it upon request. *See* BOP Program Statement 1351.05 at 15-16. It is undisputed that Calhoun had a copy of his PSR, and that on May 8, 2008, prison officials confiscated that copy. *See* Complaint ¶ 15 & Appendix 2. Calhoun filed this *pro se* complaint ("Compl.") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), Compl. ¶ 3, seeking a copy of his PSR, *id.* ¶ 7, and characterizing the BOP's confiscation of his PSR as a denial of a FOIA request, *id.* ¶ 15 & Appendix 2. In addition, the complaint and its supplement contain a constitutional due process

claim and an Administrative Procedure Act claim, each based on the confiscation of Calhoun's PSR. *See id.* ¶¶ 15-17 & Appendix 2; Supplement to Complaint.

The DOJ argues that the FOIA claim should be dismissed because Calhoun never submitted a FOIA request to DOJ and, therefore, failed to exhaust his administrative remedies. *See* Defendant's Renewed Motion to Dismiss ("Mot. to Dismiss") at 5 (citing Declaration of Vanessa Herbin-Smith (Dec. 3, 2008) ("Herbin-Smith Decl.") ¶ 4). Further, the DOJ argues that the constitutional and APA claims should be dismissed because Calhoun is required to, but did not, exhaust his available administrative remedies with respect to each of these claims before filing suit. *See* Mot to Dismiss at 5-11 (citing Second Declaration of Vanessa Herbin-Smith (Feb. 20, 2009) ("Second Herbin-Smith Decl.") ¶¶ 6-7).

## II. STANDARD OF REVIEW

A court may dismiss a complaint or any portion of it for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Where, as here, a defendant files a motion under Rule 12(b)(6) that is supported by declarations and documentary evidence "outside the pleadings [that] are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). Summary judgment may be granted only where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002). A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the

nonmoving party," *id.*, as opposed to evidence that "is so one-sided that one party must prevail as a matter of law," *id.* at 252. A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255. The nonmoving party, however, must do more than merely establish some "metaphysical doubt;" rather, the nonmovant must come forward with "specific facts" demonstrating a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

### III. LEGAL ANALYSIS

*A. The FOIA Claim*

In this circuit, failure to exhaust available administrative remedies is treated as a jurisprudential, not a jurisdictional, bar to judicial review. *Hidalgo v. FBI,* 344 F.3d 1256, 1259 (D.C. Cir. 2003) ("[T]he FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review."). Therefore, where a FOIA plaintiff has not exhausted his administrative remedies before filing suit, dismissal of the complaint is warranted. *Id.* at 1258, 1260; *Wilbur v. CIA,* 355 F.3d 675, 676 (D.C. Cir. 2004) (describing exhaustion as a "mandatory prerequisite" to filing suit).

A party requesting agency records under the FOIA must comply with the procedures set forth in the regulations promulgated by that agency. *See* 5 U.S.C. § 552(a)(3) (providing that an agency must make records promptly available upon any request "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed"). DOJ has adopted regulations with instructions for addressing a FOIA request to one of DOJ's various components. *See* 28 C.F.R. § 16.1 *et seq.* Under these regulations, a person "may make a request for records of the Department of Justice by writing directly to the Department component

- 3 -

that maintains those records." 28 C.F.R. § 16.3(a) (directing that a "request should be sent to the component's FOIA office at the address listed in appendix I to part 16"); *see also* 28 C.F.R. § 513.60 (directing that FOIA requests to the BOP must "be made in writing and addressed to the Director, Federal Bureau of Prisons, 320 First Street, NW., Washington, DC 20534"). Where a FOIA request is not made in accordance with the published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies, as "[t]he failure to comply with an agency's FOIA regulations [for filing a proper FOIA request] is the equivalent of a failure to exhaust." *West v. Jackson,* 448 F. Supp. 2d 207, 211 (D.D.C. 2006); *see also Tyree v. Hope Village, Inc.,* ___ F. Supp. 2d ___, No. 09-CV-2445, 2009 WL 5173784, at *1 (D.D.C. Dec. 20, 2009) (noting that the agency's duty to disclose is contingent on a FOIA request submitted in accordance with the published rules); *Lowe v. Drug Enforcement Admin.,* No. 06-CV-1133 (CKK), 2007 WL 2104309, at *5 (D.D.C. July 22, 2007) (dismissing a FOIA claim because the request was not addressed as directed by the published regulations)*; Matsey v. Dep't of Justice,* No. 03-CV-889 (PLF), 2005 WL 1017867, at * 7 (D.D.C. May 2, 2005) ("By failing to follow the procedures set forth [in the pertinent regulations for requesting agency records, the plaintiff] failed to exhaust his administrative remedies under the FOIA.").

There is no dispute in this case that Calhoun did not comply with the regulations for making a FOIA request to the DOJ. Calhoun argues that the confiscation of his copy of the PSR by BOP officials constitutes a denial of a FOIA request. *See* Complaint ¶ 15. This argument lacks merit. In light of the agency declaration that states in pertinent part that a search of the computerized database of FOIA requests showed that Calhoun had "not filed <u>any</u> FOIA requests" with DOJ, Herbin-Smith Decl. ¶ 4 (emphasis in the original), and in the absence of any evidence

from Calhoun to the contrary, the FOIA claim will be dismissed for failure to exhaust administrative remedies.

B. *The Due Process and APA Claims*

The Prison Litigation Reform Act's ("PLRA") exhaustion requirement has clearly been expressed by Congress. It provides that

> [n]o action shall be brought, with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a) (2006). The Supreme Court has emphasized that "exhaustion is now required for all actions brought with respect to prison conditions, whether under [42 U.S.C.] § 1983 or any other Federal law." *Porter v. Nussle,* 534 U.S. 516, 524 (2002) (internal quotation marks and alterations omitted); *see also Booth v. Churner,* 532 U.S. 731, 741 (2001) (holding that exhaustion is required even where the relief sought is not available in the administrative process). As with the FOIA, this exhaustion requirement is not jurisdictional, but nonetheless operates as a prerequisite to the filing of a civil action. *Woodford v. Ngo,* 548 U.S. 81, 101 (2006); *Ali v. Dist. of Columbia*, 278 F.3d 1, 5-6 (D.C. Cir. 2002).

The DOJ has submitted evidence establishing that Calhoun did not exhaust all his available administrative remedies related to the claims presented in this action. *See* Second Herbin-Smith Decl. ¶¶ 6-7. Calhoun has not submitted any evidence to the contrary. Rather, he has submitted a sworn statement that he intended to present these claims in his defense at a disciplinary hearing arising from his unauthorized possession of a copy of his PSR, but did not have the opportunity to do so because the hearing was cancelled. *See* Declaration of David

Calhoun in Opposition to Declaration of Patrick Sweeney and in Opposition to Second Declaration of Vanessa Herbin-Smith & Affidavit of Exhaustion (May 27, 2009). Such a statement of intent not actualized is of no consequence, as it does not demonstrate the exhaustion of all available administrative remedies. Moreover, there is no evidence that Calhoun was in anyway prevented from filing, or thwarted in an attempt to file, a complaint in the prison grievance process.[1] The undisputed record therefore shows that Calhoun did not exhaust all available administrative remedies before filing these claims, as is required by the PLRA. Accordingly, the plaintiff's constitutional and APA claims will be dismissed.

### IV.  CONCLUSION

For the reasons set forth above, the Court will grant the DOJ's motion and will dismiss all the claims presented in the complaint because the plaintiff did not exhaust his available administrative remedies with respect to any claim before filing this civil action. A final order consistent with this memorandum opinion accompanies this memorandum opinion.

Date:  March 15, 2010

/s/
REGGIE B. WALTON
United States District Judge

---

[1] Although the plaintiff asserts that he was unable to exhaust his administrative remedies for reasons beyond his control – the cancellation and failure of the Bureau of Prisons to reschedule his hearing before a Disciplinary Hearing Officer – he does not contend that there was no other means for him to exhaust his administrative remedies. Accordingly, in the absence of such proof, the Court will not accept the plaintiff's invitation to construe what has allegedly occurred as constructive exhaustion. *See* Affidavit of Exhaustion at 2.