# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **David Calhoun,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Civil Action No. 08-1663 (RBW) |
| **Department of Justice,** | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Calhoun timely filed a motion to alter or amend the March 15, 2010 Order dismissing the complaint. The motion will be denied.

The primary reasons for altering or amending a judgment are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*). Calhoun argues that the Court needs to correct a clear error.

Calhoun's *pro se* complaint against the Department of Justice ("DOJ"), presented claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* (2006), and the Due Process Clause of the Constitution. The FOIA claim was dismissed because Calhoun had never presented a FOIA request to the DOJ and therefore had not exhausted his administrative remedies under the FOIA before filing the lawsuit, and his other claims were dismissed because he had not complied with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (2006). *See Calhoun v. Dep't of Justice,* __ F. Supp. 2d __ , 2010 WL 893680 (D.D.C. Mar. 15, 2010). Calhoun argues that the Court erred in fact when it assumed that the plaintiff's presentence

investigation report ("PSR") was a DOJ agency record. He contends that a PSR is more properly considered a record of the U.S. Probation Office.

Calhoun's argument is immaterial to the outcome of this litigation.[1] He did not exhaust the required administrative remedies before filing his civil suit, and therefore cannot maintain his suit, regardless of whether or not the record sought is a DOJ agency record.[2] Calhoun has not shown that there is a need to correct a clear error. Accordingly, it is hereby

ORDERED that the plaintiff's motion to alter the judgment [26] is DENIED.

/s/
REGGIE B. WALTON
United States District Judge

Date: April 14, 2010

---

[1] It is also factually incorrect, as the Court did not make the assumption upon which Calhoun's argument is premised.

[2] Taken to its logical conclusion, Calhoun's argument that the PSR is not a DOJ agency record provides one more reason to dismiss his FOIA claim against the DOJ.